UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JESSE ORAM, )
)
        Petitioner, )
)
    v. ) No. 1:18-cv-02381-SEB-DML
)
DUSHAN ZATECKY, )
)
        Respondent. )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
GRANTING MOTIONS REQUESTING STATUS OF CASE, AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Jesse Oram for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 18-01-0128. For the reasons explained in this Order, Mr. Oram's habeas petition must be **DENIED**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 6, 2017, Investigator Houchins wrote a Conduct Report charging Mr. Oram with A-114, sexual act with a visitor. Dkt. 8-1. The Conduct Report states:

> On 12/6/2017 at approximately 9:30 am, Offender Oram, Jesse DOC 129165 placed his penis on the top of the hand of a volunteer while they were "praying." This incident took place at the cell of offender Oram. Offender Oram admitted to committing this assault during an interview with myself, C. Houchins, Lead Investigator. Oram reported he committed this act due to being sexually aroused. Offender Oram admitted to removing his own penis (exposed skin) from his clothing and touching the top of this volunteer's hand (exposed skin).

Dkt. 8-1.[1]

Mr. Oram was notified of the charge on February 14, 2018, when he received the Screening Report. Dkt. 8-2. He pleaded not guilty to the charge and requested a lay advocate. *Id*. He did not request any witnesses but requested the video from the 2F range from 9:30 am on December 6, 2017. *Id*. His request for video was denied because no video was available. *Id.*

The prison disciplinary hearing was held on February 22, 2018. Dkt. 8-4. According to the notes from the hearing, Mr. Oram stated, "I didn't do it." *Id*. Based on the staff reports, the hearing officer found Mr. Oram guilty of A-114, sexual act with a visitor. *Id*. The sanctions imposed included 365 days of earned credit time deprivation and a credit class demotion. *Id.*

Mr. Oram appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. Dkt. 8-8; dkt. 8-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] The Respondent also submitted a Confidential Report of Investigation of Incident, dkt. 10 (*ex parte*), that provides additional details of the incident and supports the Conduct Report.

C.     **Analysis**

Mr. Oram's habeas petition challenges his prison disciplinary conviction on four grounds: (1) he was denied a lay advocate; (2) Investigator Houchins had a conflict of interest; (3) the denial of video evidence; and (4) sufficiency of the evidence. *See* dkt. 1 at 3-6. The respondent argues that Mr. Oram failed to exhaust his administrative remedies as to the sufficiency of the evidence. Dkt. 8 at 7. The respondent further argues that there was no due process violation, and the hearing officer's finding of guilt was supported by "some evidence." Dkt. 8. Mr. Oram filed a reply generally asserting that his rights were denied in violation of Indiana Department of Correction (IDOC) policy and reiterating his prior claims. Dkt. 12.

1.     IDOC Policy

The Court briefly notes that Mr. Oram cannot claim a due process violation based on IDOC personnel's failure to follow IDOC policy. This is because relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing

less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

2. Lay Advocate

Mr. Oram asserts he was improperly denied a lay advocate despite his request for one. Dkt. 1 at 3.

"[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008).

Mr. Oram does not argue that he is illiterate or that the issues in these cases were so complex as to require a lay advocate. Rather, he has fully briefed the issues on his own, demonstrating his literacy, and the charge in the disciplinary hearing was not complex – he was accused of placing his penis on a visitor's hand. Accordingly, there is no due process violation and habeas relief is not available to Mr. Oram on this ground.

3. Conflict of Interest

Mr. Oram argues that his due process rights were violated because Investigator Houchins, who prepared the Conduct Report, issued a conflict report because Mr. Oram had previously threatened to kill Investigator Houchins back in 2013. Dkt. 1 at 4.

Although there is a due process right to an impartial decisionmaker, there is no due process right to be written up by a reporting officer with no conflict of interest. *See Wolff*, 418 U.S. at 563–71; *Hill*, 472 U.S. at 454-57. Thus, Mr. Oram is also not entitled to habeas relief on this

4

ground. *See Estelle*, 502 U.S. at 67-68 (habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

### 4. Denial of Video Evidence

Mr. Oram asserts that he was improperly denied video footage, although he does not allege what would have been shown on the video footage. Dkt. 1 at 5. His request for video footage was denied because no video was available. Dkt. 8-2. Mr. Oram argues that this is not possible because "there is 2 cameras on the range. 1 in the front and the other in the bank of the range. I know the cameras didn't all of a sudden just stop working or did someone steal the video I requested for." Dkt. 12 at 2.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

But where that evidence simply does not exist, such as the requested video in this case, it is impossible for IDOC to produce the evidence. Nor is Mr. Oram entitled to evidence that does not exist. Although Mr. Oram speculates that a video should exist, the Respondent has sworn that no available video footage existed. Moreover, Mr. Oram has failed to explain how such a video, to the extent it existed, would have been exculpatory or material. Thus, Mr. Oram's claim regarding a due process violation of denial of evidence must be rejected.

### 5. Sufficiency of the Evidence

Mr. Oram argues that there was insufficient evidence in the conduct report to support the charge of sexual act with a visitor because there was no "penetration." Dkt. 1 at 6.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-114 is entitled "Sexual Act with a Visitor," and is defined as "[c]ontact of a sexual nature by an offender with a visitor including: contact between the penis and the vulva or the penis and the anus including penetration, however slight; contact between the mouth and the penis, vulva or anus; or, penetration of the anal or genital opening of a visitor by a hand, finger or other object. (Does not include kicking, punching or grabbing the genitals when the intent is to harm or debilitate rather than to sexually exploit.)" Dkt. 8-11. Sexual contact is defined as:

> Contact between persons that includes any of the following:
> - Touching of the intimate parts of one person to any part of another person whether clothed or unclothed; or,
> - Any touching by any part of one person or with any object or device of the intimate parts of another person or any parts of the body that may result in sexual arousal or gratification for either party.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders at 6, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

Here, the Conduct Report explained that Mr. Oram improperly placed his penis on top of the hand of a volunteer who had come to pray with Mr. Oram. This is "some evidence," under *Ellison*, that Mr. Oram committed sexual contact with a visitor in violation of A-114.

Although Mr. Oram argues that a violation of A-114 requires penetration, the definition of sexual contact does not require penetration, but can include penetration as listed in the examples under A-114. However, the list of prohibited sexual contacts in A-114 is not exhaustive and includes any sexual contact by an offender with a visitor. Accordingly, Mr. Oram is not entitled to relief on the sufficiency of the evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Oram to the relief he seeks. Accordingly, Mr. Oram's petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED**. Mr. Oram's motions requesting status of case, dkts. [16], [17], and [19], are **GRANTED** to the extent the Court has ruled on his petition.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/17/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JESSE ORAM
129165
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov